DIANA GRASSELLI AND IDTHIPOL PARINYASEVEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grasselli v. Commissioner
Docket No. 7086-94
United States Tax Court
T.C. Memo 1994-581; 1994 Tax Ct. Memo LEXIS 589; 68 T.C.M. (CCH) 1265; November 29, 1994, Filed *589 For respondent: Bradley T. Stanek and Michael Lackner. PARKER PARKER MEMORANDUM OPINION PARKER, Judge: This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted and for damages under section 6673. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. In identical notices of deficiency sent to petitioners Diana Grasselli and Idthipol Parinyasevee at two different addresses on March 2, 1994, respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 12,335 and an accuracy-related penalty under section 6662(a) in the amount of $ 2,467 for the taxable year 1990. The deficiency is predicated upon respondent's reclassification of wage income as Schedule C gross receipts, disallowance of business expenses claimed by petitioners in the amount of $ 47,108, and the inclusion of unreported wages in the total amount of $ 544. On April 29, 1994, petitioners filed with the Court a petition to restrain notice of deficiency, in which petitioners *590 make typical tax protester arguments that this Court lacks jurisdiction and that the Internal Revenue Code "has never been passed into positive law". On June 17, 1994, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted and for damages. Respondent asserts that this case should be dismissed because petitioners have failed to allege in their petition any justiciable errors and any facts in support of any justiciable error. Respondent also asserts that petitioners should be subject to a penalty under section 6673 because they instituted these proceedings primarily for the purpose of delay and because their position in this case is frivolous or groundless. On June 22, 1994, this Court issued an order requiring petitioners to file an amended petition with the Court on or before August 15, 1994, setting forth with specificity each error they allege was made by respondent in the determination of the deficiency and separate statements of every fact upon which petitioners base the assignment of each error. Petitioners failed to file an amended petition in this case and have not responded in any way to the Court's order of June 22, 1994. *591 In that order, the Court also calendared respondent's motion for hearing during the trial session of the Tax Court in Los Angeles, California, commencing on September 19, 1994. When this case was called from the calendar on September 19, 1994, counsel for respondent appeared and was heard. There was no appearance by or on behalf of petitioners. Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioners allege to have been committed by respondent in the determination of the deficiency and accuracy-related penalty in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioners base the assignments of error. No justiciable error has been alleged in the petition filed by petitioners. The determinations made by respondent in her notices of deficiency are presumed to be correct, and petitioners bear the burden of proof. Rule 142(a); . In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); ; *592 . In their petition, petitioners make only tax protester type arguments that have been rejected on countless occasions by this Court and other courts. and authorities discussed therein. For example, petitioners contend that the Internal Revenue Service has no subject matter or in personam jurisdiction over petitioners and that they are not within the purview of the Internal Revenue Code or regulations. After review of petitioners' petition, we agree with respondent that the petition fails to allege any justiciable error with respect to respondent's determinations in the notices of deficiency and alleges no justiciable facts in support of any error as required in Rule 34(b)(4) and (5). The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which relief can be granted. Rule 123(b); ; ; . *593 Accordingly, we will grant respondent's motion to dismiss. We now consider respondent's motion for a penalty pursuant to section 6673(a)(1), which provides in pertinent part: (1) Procedures Instituted Primarily for Delay, Etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or
* * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioners' position in this proceeding is frivolous and groundless. At the time they filed their petition in this case on April 29, 1994, petitioners made often-rejected, typical tax protester arguments. The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate. A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.
; *594 see also Based upon established law, petitioners' position is both frivolous and groundless. Thus, respondent's motion will be granted in this respect, and we will require petitioners to pay to the United States a penalty in the amount of $ 2,500. Based on the foregoing, An appropriate order and decision will be entered.